IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD AUGUST RHOADS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE OF MARYLAND-JUDICIARY | : | NO. 13-1913 |
| BANK OF AMERICA | : | |

**MEMORANDUM**

BAYLSON, J.                                                          APRIL 19, 2013

Plaintiff Richard August Rhoads brings this action against the State of Maryland Judiciary and the Bank of America. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint.

I.  **FACTS**

The exact bases for plaintiff's claims are unclear, however, it is apparent that this action predominately arises out of a series of lawsuits that were filed in the Maryland state courts. Plaintiff contends that Bank of America initiated a lawsuit, apparently a foreclosure action, against him, and that he prevailed in that action as reflected in a judgment entered in January 2003. A week later, Bank of America initiated a second foreclosure action against him, which resulted in his eviction in March of 2003. However, plaintiff also indicates that the bank moved to dismiss its claims against him in August 2003. Although it is not exactly clear what happened in the two foreclosure proceedings, it is apparent that plaintiff believes his eviction was improper.

1

In 2009, plaintiff filed a "counter complaint" in the second foreclosure case. The nature of the claims contained in that filing is not clear from plaintiff's allegations. Plaintiff contends that his "counter complaint" was not properly managed by the state court and claims that Bank of America and its attorneys misled the court. Bank of America and its unidentified attorneys also filed motions to dismiss plaintiff's claims, which allegedly contained "scandalous" and "slanderous" accusations. (Compl. at 3-H.) A trial was held on plaintiff's claims in April 2010. According to plaintiff, the presiding judge improperly dismissed his case after meeting with two other judges.

Plaintiff appealed, but his appeal was dismissed because his brief did not comply with applicable court rules. Plaintiff moved for reconsideration, but that motion was denied. Plaintiff alleges that the Maryland Court of Special Appeals delayed mailing its mandate to prevent him from filing further appeals and to "'COVER UP' the truth of the (Plaintiff's) Complaint!!!" (Compl. at 3-L.)

Plaintiff later sent a letter to the Maryland State Treasurer about his experiences with the Maryland judiciary and notified her that he "would be seeking future Civil Actions, Against her state." (Id.) A letter attached to the complaint suggests that plaintiff sought to bring a claim under the Maryland Tort Claims Act ("MTCA"). In response, plaintiff received a letter rejecting any such claim because it was not filed within the time period required by that statute.

2

Plaintiff also appears to be raising claims based on his interactions with police. Plaintiff claims that he was assaulted by a police officer in August of 2003. He also describes an incident in March of 2005 in which he was questioned by police about removing a water meter from his home.

In this action, plaintiff appears to be raising tort claims under Maryland law against the Maryland judiciary and the Bank of America. Out of an abundance of caution, the Court will also construe the complaint as raising constitutional due process claims under federal law, 42 U.S.C. § 1983. Plaintiff seeks review of all of the Maryland civil actions underlying his claims and a hundred-million dollars in damages.[1]

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss

---

[1]Plaintiff also seeks disbarment of certain unidentified attorneys from the Maryland bar. If he has an issue with the conduct of an attorney or attorneys barred in Maryland, he must address the matter with the appropriate authority in Maryland. Furthermore, to the extent that he asks the Court to make his claims public by contacting the news media, his request for relief is inappropriate.

3

under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). Furthermore, if an affirmative defense is obvious from the face of the complaint, the Court may dismiss any facially invalid claims sua sponte. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

To the extent that plaintiff seeks review of state-court judgments issued against him and relief for injuries caused by those judgments, the Rooker-Feldman doctrine precludes this Court from exercising jurisdiction over his claims. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). To the extent that Rooker-Feldman does not bar plaintiff's claims, they fail for other reasons.

The Eleventh Amendment precludes plaintiff from bringing

4

claims in federal court against the State of Maryland and its courts absent a waiver of immunity. See MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir. 2001). Whether plaintiff's claims are construed as arising under § 1983 or Maryland state law, they fail because Maryland has not waived its Eleventh Amendment immunity for such claims. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989) (explaining that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties"); Proctor v. Washington Metro. Area Transit Auth., 990 A.2d 1048, 1060-61 (Md. 2010) (among the notable features of the MTCA's waiver of immunity is the fact that "the State retains its Eleventh Amendment immunity to suit in federal court"); see also Alexander v. Dist. Court of Md. for Charles Cnty., Civ. A. No. 07-1647, 2008 WL 6124449, at *2 (D. Md. Mar. 20, 2009) (dismissing federal and state law claims against the Maryland state courts as "barred by Eleventh Amendment immunity."), aff'd, 290 F. App'x 595 (4th Cir. 2008) (per curiam).

Plaintiff cannot bring any constitutional claims against Bank of America under § 1983, because Bank of America is not a state actor for purposes of that statute.[2] See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) ("[A] suit under §

---

[2]The fact that Bank of American prevailed against plaintiff in state court does not change that fact. See Dennis v. Sparks, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").

5

1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law."). Furthermore, plaintiff has not stated any timely claims against Bank of America under Maryland law.[3] Liberally construing plaintiff's complaint, he appears to be asserting claims for malicious use of process, abuse of process, conversion, and possibly defamation.

"[T]he malicious use of process tort is concerned with maliciously causing criminal or civil process to issue . . . without probable cause." Campbell v. Lake Hallowell Homeowners Ass'n, 852 A.2d 1029, 1045 (Md. Ct. Spec. App. 2004) (quotations omitted). The tort has five elements:

> First, a prior civil proceeding must have been instituted by the defendant. Second, the proceeding must have been instituted without probable cause.... Third, the prior civil proceeding must have been instituted by the defendant with malice. .... Fourth, the proceedings must have terminated in favor of the plaintiff. Finally, the plaintiff must establish that damages were inflicted upon the plaintiff by arrest or imprisonment, by seizure of property, or by other special injury ... .

Id. (quotations omitted and first two alterations in original). In contrast, "[t]he elements of abuse of process are: first, that

---

[3]The Court possesses jurisdiction over any state law claims under 28 U.S.C. § 1332, because the complaint reflects that plaintiff is a citizen of Pennsylvania and Bank of America is a citizen of North Carolina. See Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006) ("[A] national bank[] . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located."); Carrington v. Bank of Am., N.A., Civ. A. No. 12-1542, 2013 WL 265946, at 2 (S.D. Tex. Jan. 17, 2013) (indicating that Bank of America is a citizen of North Carolina).

the defendant wilfully used process after it has issued in a manner not contemplated by law; second, that the defendant acted to satisfy an ulterior motive; and third, that damages resulted from the defendants use of perverted process." Id. at 1044 (quotations omitted). A plaintiff asserting an abuse of process claim must also "allege that he was unlawfully arrested or his property unlawfully seized." Id. "Conversion is an intentional tort that requires an exertion of ownership or dominion over another's personal property in denial of or inconsistent with the owner's right to that property." Nickens v. Mt. Vernon Realty Grp., LLC, 54 A.3d 742, 756 (2012). Each of those torts is governed by a three-year statute of limitations. See Md. Code Ann., Cts. & Jud. Proc. § 5-101.

To the extent that plaintiff is raising claims based on the initial foreclosure proceeding that allegedly terminated in his favor in 2003, his claims are time-barred because he filed them well beyond the three-year limitations period. As the second foreclosure proceeding appears not to have terminated in plaintiff's favor, he cannot state a malicious use of process claim based on that proceeding. Furthermore, nothing in the complaint suggests that Bank of America misused process in either of those proceedings for a purpose that was not contemplated by law or based on an ulterior motive. See Wallace v. Mercantile Cnty. Bank, 514 F. Supp. 2d 776, 793 (D. Md. 2007) ("[A] defendant will not be liable [for abuse of process] if his actions consist solely of seeing the lawsuit through to its

7

'authorized conclusion.'"), aff'd, 307 F. App'x 720 (4th Cir. 2009) (per curiam). Additionally, to the extent that plaintiff is raising a conversion claim, or any other claim, based on his allegedly improper eviction in March of 2003, his claim is time-barred.

Plaintiff also appears to be asserting a defamation claim based on statements that Bank of America made in connection with a motion to dismiss filed in state court. "In order to plead properly a defamation claim under Maryland law, a plaintiff must allege specific facts establishing four elements . . . : (1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." Piscatelli v. Van Smith, 35 A.3d 1140, 1147 (Md. 2012) (quotations omitted). Here, plaintiff's claim is predicated solely on his allegations that the motion or motions contained "scandalous" and "slanderous" accusations. (Compl. at 3-H.) Those conclusory allegations are insufficient to state a claim. In any event, as the motions at issue were filed prior to the dismissal of plaintiff's claims in state court in April 2010, any defamation claim based on those motions is untimely. See Md. Code Ann., Cts. & Jud. Proc. § 5-105 ("An action for assault, libel, or slander shall be filed within one year from the date it accrues.").

Plaintiff only identified the Maryland judiciary and Bank of America as defendants in the caption of his complaint in

8

accordance with Federal Rule of Civil Procedure 10(a). However, plaintiff also included a list of 80 "Maryland State's Personnel" with his complaint. It is not clear whether he sought to name all or any of those individuals as defendants. Indeed, there are no factual allegations made against many of the individuals on the list. For those who are named elsewhere in the complaint, the Court cannot identify a viable basis for a timely claim against them. Accordingly, dismissal of plaintiff's complaint is appropriate.

**IV. CONCLUSION**

For the foregoing reasons, the complaint is dismissed. As the Court cannot discern a legitimate basis for a timely claim against a defendant who is not immune, plaintiff will not be given leave to amend because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.